Filed 10/26/22  P. v. Bergman CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B315257 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA078839) |
| v. | |
| KEVIN MICHAEL BERGMAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Reversed and remanded with directions.

Corey J. Robins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Kevin Michael Bergman (defendant) appeals from the denial of his petition for resentencing brought pursuant to former section 1170.95 of the Penal Code, now section 1172.6.[1]  Defendant contends that the trial court erroneously found that he was ineligible for relief under the statute as a matter of law.  We conclude the denial was improper under our Supreme Court's recent decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and reverse the order.[2]

## BACKGROUND

In 2009, a jury convicted defendant of first degree murder and found true the special circumstances that the murder was committed during the commission of a robbery within the meaning of section 190.2, subdivision (a)(17)(A) and a burglary, within the meaning of section 190.2, subdivision (a)(17)(G).  Defendant was sentenced to prison for life without parole.  We affirmed the judgment in *People v. Bergman* (Feb. 23, 2011, B219309) (nonpub opn.).

---

[1]  Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no significant change in text. (Stats. 2022, ch. 58, § 10.)  For the sake of simplicity, we will refer to the section by its new numbering only.  All further statutory references are to the Penal Code, unless otherwise indicated.

[2]  The parties both responded to our invitation to address the consequence of *People v. Strong, supra*, 13 Cal.5th 698 on this case, which we considered.

**The underlying crime**

In May 2008, defendant was angry with victim Dean Modica because he believed Modica owed him money. After defendant learned that Modica sold drugs and where he kept them, defendant and three friends including Trevor Cooper and Sean Schuck, went to Modica's home to steal them. While two of the friends remained in their car, defendant and Schuck found Modica in his front yard and went into the house with him. After about 10 minutes, Cooper went to check on them. Hearing a commotion when he approached the front door, he entered, and saw defendant and Modica wrestling or fighting upright, with Modica's back against the wall. Cooper saw Schuck approach defendant from behind and lunge over him toward Modica. Cooper claimed not to have seen a knife. Modica died as a result of multiple sharp force injuries and sustained cuts consistent with defensive wounds. The medical examiner could not confirm whether Modica was or was not standing when he received the injuries.

**Petition for resentencing**

In January 2019 defendant filed a petition to vacate his murder conviction and for resentencing.[3] Section 1172.6

---

[3] Effective January 1, 2019, the Legislature amended the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature also added former section 1170.95 (now section 1172.6), which provides a procedure for convicted murderers to

authorizes a petitioner "convicted of felony murder or murder under the natural and probable consequences doctrine" to vacate his murder conviction if, as a threshold matter, he makes a "prima facie showing" of entitlement to relief. (§ 1172.6, subds. (a) & (c).) Such a petitioner is entitled to relief if he "could not presently be convicted of murder" under the amendments to the murder statutes that became effective on January 1, 2019. (*Id.*, subd. (a)(3).) As relevant here, the murder statutes, even after the amendments, still authorize a murder conviction based on murder committed by someone else in the course of a jointly committed felony as long as the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).)

Where a petition alleges the statutory conditions to eligibility, as was done here, the trial court must appoint counsel, entertain briefing by both parties, and then "proceed[] to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. (§ [1172.6], subd. (c).)" (*Lewis, supra*, 11 Cal.5th at p. 960; see *id*. at p. 962.) If the court determines that a prima facie showing has been made, it issues an order to show cause and then holds an evidentiary hearing pursuant to section 1172.6, subdivision (d) to determine whether to vacate the conviction and resentence the petitioner.

At the prima facie stage, the court must accept the petitioner's factual allegations as true and make a preliminary assessment of entitlement to relief if the allegations were proved;

seek retroactive relief if they could not be convicted under sections 188 and 189 as amended effective January 1, 2019. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

4

and only where the record of conviction contains established facts showing that the petitioner is ineligible for resentencing *as a matter of law* may the court find that no prima facie showing has been made and deny the petition without issuing an order to show cause. (*Lewis, supra*, 11 Cal.5th at p. 971; see *People v. Duchine* (2021) 60 Cal.App.5th 798, 815.)

After he filed his petition, the trial court appointed counsel for defendant, ordered the People to respond, received briefing from both sides, and, after several continuances and further briefing, held a prima facie review hearing. On September 8, 2021, after hearing the argument of counsel, the trial court denied the petition upon finding that defendant had not made a prima facie showing of eligibility for relief under the statute.

Defendant filed a timely notice of appeal from the order.

## DISCUSSION

Defendant contends that the trial court erroneously denied his petition by relying on facts and factual findings set forth in the appellate opinion on direct appeal (*People v. Bergman, supra*, B219309) and engaging in improper factfinding under a substantial evidence standard at the prima facie stage.

Explaining its ruling, the trial court stated that "while . . . there is no evidence that the defendant was the actual killer, the jury did find beyond a reasonable doubt and the Court of Appeal did affirm that evidence supported the conclusion that the defendant was, if not the actual killer, a significant participant in the attack under the act of reckless indifference to human life." Both defendant and the People interpret the court's ruling as a finding that the special circumstances the jury found true

5

pursuant to section 190.2, subdivision (a)(17) rendered defendant ineligible for relief as a matter of law.

In support of his petition in the trial court, defendant cited *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), arguing that, after he was convicted in 2009, these authorities and subsequent cases clarified the requirements to a determination of whether a defendant was a major participant who acted with reckless indifference to human life, and thus a special circumstance finding does not preclude eligibility as a matter of law. Renewing that argument here, defendant contends that the special circumstance instruction given to the jury at his trial was inadequate to explain the requirements necessary to make the special circumstance findings. Defendant asks that the order therefore be reversed with directions to the trial court to conduct an evidentiary hearing.

At defendant's trial, the jury was instructed that if the defendant committed an act causing death during the commission of a robbery or burglary either as the perpetrator or aider and abettor of the robbery or burglary, he could be guilty of first degree murder whether the killing was unintentional, accidental, or negligent. The jury was also instructed that to find the alleged special circumstances true, it was required to find beyond a reasonable doubt that defendant acted with the intent to kill or was a major participant in the crime and acted with reckless indifference to human life. The instructions did not define those terms or provide factors to guide the determination.

After initial briefing was complete in this appeal, the California Supreme Court published *Strong*, *supra*, 13 Cal.5th 698. There, as here, the defendant was tried prior to the

6

publication of *Banks* and *Clark*, and, under similar facts, the jury found true a special circumstance alleged pursuant to section 190.2, subdivision (a).  (See *Strong*, at pp. 703-704.)  As in this case, the trial court summarily denied the defendant's section 1172.6 petition on the ground that the jury's special circumstance finding precluded the defendant from making a prima facie showing of eligibility.  (*Strong*, at p. 709.)  In *Strong* our Supreme Court held that this was wrong, reasoning that *Banks* and *Clark* "substantially clarified" and narrowed the meaning of the terms "major participant" and "reckless indifference"; and thus "[f]indings issued by a jury before *Banks* and *Clark*" are not preclusive.  (*Id.* at pp. 721, 710.)  More to the point, they "do not preclude a defendant from making out a prima facie case for relief."  (*Id.* at pp. 710, 716-717.)

Following the *Strong* opinion, the People concede their original arguments have been rejected and agree that this "matter should be remanded for the superior court to issue an order to show cause and conduct an evidentiary hearing wherein relief should be denied if the prosecution proves 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to section 188 or 189 made effective January 1, 2019. (§ 1172.6, subdivision (d)(3).)"

As defendant's petition alleged the conditions for relief under section 1172.6, and the trial court found no facts in the record which conclusively refuted the allegations as a matters of law, defendant made the required prima facie showing under section 1172.6, subdivision (c), and the matter must proceed to an evidentiary hearing under subdivision (d).

## DISPOSITION

The order denying the petition is reversed. The matter is remanded with directions to the superior court to issue an order to show cause, appoint counsel, and proceed with an evidentiary hearing under section 1172.6, subdivision (d).

_____
CHAVEZ, J.

We concur:


_____
LUI, P. J.


_____
ASHMANN-GERST, J.